# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| CHRIMAR SYSTEMS INC,<br><br>        Plaintiff,<br>  v.<br><br>CISCO SYSTEMS INC, *et al.*,<br><br>        Defendants.<br>_____/ | No. C 13-01300 JSW (MEJ)<br><br>**DISCOVERY ORDER RE AUGUST 12, 2013 JOINT DISCOVERY LETTER**<br>[Dkt. No. 144] |

## I. INTRODUCTION

On August 12, 2013, the parties in this patent infringement lawsuit filed a Joint Letter regarding whether the patentee, Chrimar, should be required to provide contentions regarding the damages it seeks from Defendants and whether Defendants should be required to provide contentions on damages sought from Chrimar. Jt. Ltr., Dkt. No. 144. After considering the parties' arguments, the Court **DENIES** Defendants' request for early damages contentions.

## II. BACKGROUND

Plaintiff ChriMar filed a patent infringement suit against Defendants in the United States District Court for the District of Delaware on October 31, 2011, alleging infringement on U.S. Patent No. 7,457,250 (the '250 patent), which covers Power Over Ethernet products. Dkt. No. 1. Defendants then filed counterclaims against ChriMar based on alleged fraud and anticompetitive conduct. On November 1, 2011, ChriMar filed suit in the United States International Trade Commission (ITC), also alleging infringement of the '250 patent. Jt. Ltr. at 3. The District of Delaware action was stayed during the ITC proceeding. *Id*. In the ITC proceeding, the parties engaged in written and testimonial discovery and exchanged expert reports. *Id*. ChriMar subsequently dismissed the ITC action in November 2012. *Id*. On March 6, 2013, the district court action was transferred to this court and assigned to the Honorable Jeffrey S. White. Dkt. No. 83.

On June 14, 2013, the parties filed their Joint Case Management Statement, wherein Defendants requested that ChriMar be required to provide contentions regarding damages they sought from Defendants, and Defendants would in turn provide contentions related to the damages they sought in their counterclaims. Dkt. No. 127 at 11-13. Plaintiff opposed the request. *Id*. at 12-13. Judge White then referred the discovery issue to the undersigned for consideration. Dkt. No. 138.

### III. DISCUSSION

In their joint letter, Defendants argue that Chrimar should be required to provide damage contentions conforming to Exhibit A to the Joint Letter. Jt. Ltr., Ex. A, Dkt. No. 144-1. They argue that Chrimar received sufficient discovery during the ITC proceedings, and requiring them to provide damage contentions based on discovery currently in their possession would help "streamline the issues" and "frame subsequent discovery." Jt. Ltr. at 4. Defendants argue that they provided Chrimar with discovery that included license agreements for the patented products in questions, along with quarterly reports containing sufficient revenue details with which to base their damage calculations from. *Id*.

ChriMar opposes early damages contentions. *Id*. at 6. With respect to discovery produced during the ITC action, ChriMar argues that because monetary damages were not available in that proceeding, it did not seek damages-related discovery and any damages-related information produced by Defendants was incidental to other discovery requests, is incomplete as to the scope of information needed to prepare damages contentions, and has not been the subject of expert reports. *Id*. ChriMar further argues that Defendants provided "no meaningful information regarding their counterclaim-based damages despite fully participating in discovery at the ITC." *Id*. ChriMar thus asserts that the parties should proceed with the normal discovery protocol set forth in the Federal Rules of Civil Procedure and the Civil Local Rules.

The Court has considered the parties' arguments and agrees with Chrimar that requiring the parties to provide damage contentions at this stage would be premature. As Chrimar points out, the ITC proceedings did not involve monetary damages and thus Chrimar did not seek monetary damages-related discovery during the ITC proceedings. Further, requiring the parties' to assess their

Case3:13-cv-01300-JSW   Document150   Filed08/29/13   Page3 of 3


damages before undertaking meaningful discovery on the issues will not save the parties' time or money if Chrimar will be forced to amend its contentions after receiving further discovery from Defendants. Accordingly, the Court **DENIES** Defendants' request to require the parties to complete damages contentions at this stage of the proceedings.

**IT IS SO ORDERED.**

Dated: August 29, 2013

                                                Maria-Elena James
                                                United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**