IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIMAR SYSTEMS, INC, et al., | |
| Plaintiffs, | No. C 13-01300 JSW |
| v. | **TENTATIVE RULINGS AND QUESTIONS RE CLAIM CONSTRUCTION** |
| CISCO SYSTEMS, INC, et al., | |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 4, 2014, AT 1:30 p.m.:

The Court has reviewed the parties' briefs and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 60 minutes to present their respective arguments on claim construction. The Court provides its tentative constructions of the disputed terms.

1. **"Central module"**

The term "central module" appears in claims 1, 2, 12, 25, 53, and 61 of the '250 Patent.

Plaintiff argues that the term "central module" must be construed to mean "one or more components that have been made part of centralized equipment of the star configuration data network." Defendants, on the other hand, argue that the term must be construed to mean "a centrally located self-contained hardware component or self-contained collection of hardware components that functions separately from centralized network equipment to receive information transmitted by a remote module."

The Court proposes that the term be construed as "a centrally located hardware component or components that receives information from or sends information to a remote module."

2. **"Remote module"**

The term "remote module" appears in claims 1, 23, 53, and 59 of the '250 Patent.

Plaintiff argues that the term "remote module" must be construed to mean "one or more components that have been made part of a remote object or piece of equipment." Defendants, on the other hand, argue that the term must be construed to mean "a remotely located self-contained hardware component or self-contained collection of hardware components that functions separately from the first [second] piece of equipment/object to transmit information to a central module."

The Court proposes that the term be construed as "a remotely located hardware component or components that receives information from or sends information to a central module."

3. **"A first [second] cable having wires therein connected between the central module and the first [second] piece of equipment"**

The term "a first [second] cable having wires therein connected between the central module and the first [second] piece of equipment" appears in claim 1 of the '250 Patent.

Plaintiff argues that the term "a first [second] cable having wires therein connected between the central module and the first [second] piece of equipment" should be construed to

mean "cabling connected between the central module and the first [second] remote piece of equipment that is separate from the cabling connected between the central module and the second [first] piece of equipment in a star network. The cabling may comprise a series of cables." Defendants do not object to Plaintiff's proposed construction, so long as the phrase "in a star network" is omitted. The Court tentatively agrees with Defendants that the phrase "in a star network" should be omitted from the construction and proposes the following construction: "cabling, which may be a series of cables, connected between the central module and the first [second] remote piece of equipment that is separate from the cabling connected between the central module and the second [first] piece of equipment."

The Court has the following questions:

(A) Where in the intrinsic evidence does the '250 patent disclose that it relates to a star network?

(B) What is token ring network? Does Plaintiff disagree with the description of a token ring network proffered by Dr. George Zimmerman in paragraph 27 of his declaration?

(C) Plaintiff relies on *Biosig Instruments, Inc. v. Nautilus, Inc.*, 715 F.3d 891, 900 (Fed. Cir. 2013), which in turn cites to *01 Communique Lab., Inc. v. LogMein, Inc.*, 687 F.3d 1292, 1298 (Fed. Cir. 2012) for the proposition that statements made during reexamination proceedings are considered intrinsic evidence during claim construction. Does it matter that reexamination proceedings at issue in *01 Communique* were made during an *inter partes* reexamination, as opposed to the *ex parte* reexamination proceedings cited to by Plaintiffs?

**4.    "A separate cable connected between each object and the central module, each having a plurality of connectors therein."**

The term "a separate cable connected between each object and the central module, each having a plurality of connectors therein" appears in claim 53 of the '250 Patent.

Plaintiff argues that the term "a separate cable connected between each object and the central module, each having a plurality of connectors therein" should be construed to mean

3

"cabling connected between the central module and one remote object that is separate from the cabling connected between the central module and another remote object in a star network. The cabling may comprise a series of cable segments." Defendants do not object to Plaintiff's proposed construction, so long as the phrase "in a star network" is omitted. The Court tentatively agrees with Defendants that the phrase "in a star network" should be omitted from the construction and proposes the following construction: "cabling, which may be a series of cables, connected between the central module and one remote object that is separate from the cabling connected between the central module and another remote object."

### 5. "[Remote module] utilized in connection with the [central module] to alter a flow of current."

The term "[remote module] utilized in connection with the [central module] to alter a flow of current" appears in claims 1 and 53 of the '250 Patent.

Plaintiff argues that the term "[remote module] utilized in connection with the [central module] to alter a flow of current" should be construed to mean "a remote module acting together with the central module, to alter a flow of current." Defendants, on the other hand, argue that it should be construed to mean "remote module that, while connected to the central module, changes a current flow by impressing a low frequency signal on the wires of the cable."

The Court proposes that the term be construed as "a remote module working with the central module to alter a flow of current by placing a low frequency signal on the wires." The Court has the following questions:

(A) Plaintiff argues that the '250 patent discloses that the invention may be transmitted by "two or more changes in the current flow" or "at least one change in the magnitude" of a DC current flow and therefore is not limited to low frequency variations. Please explain in layman terms how these phrases mean that the '250 patent is not limited to low frequency variations.

(B) What additional intrinsic evidence, if any, is there to support Plaintiff's position that the '250 patent is not limited to low frequency variations?

4

**6. "The altered current flow communicating information about the first [second] piece of equipment"**

The term "the altered current flow communicating information about the first [second] piece of equipment" appears in claim 1 of the '250 Patent.

Plaintiff argues that the term "the altered current flow communicating information about the first [second] piece of equipment" should be construed to mean "the altered current flow carrying information about the [first or] second piece of equipment." Defendants, on the other hand, argue that it should be construed to mean "[information about the first [the second] piece of equipment] transmitted as low frequency changes in the current flow."

The Court proposes the following construction: "the altered current flow communicates information about the first [the second] piece of equipment through low frequency changes."

**7. "The altered current flow conveying information about an object"**

The term "the altered current flow conveying information about an object" appears in claim 53 of the '250 Patent.

Plaintiff argues that the term "the altered current flow conveying information about an object" should be construed to mean "the altered current flow representing information about an object." Defendants, on the other hand, argue that it should be construed as "[information about an object] transmitted as low frequency changes in the current flow."

The Court proposes the following construction: "the altered current flow conveys information about an object through low frequency changes."

**8. "alter a flow of current"**

The term "alter a flow of current" appears in claims 1 and 53 of the '250 Patent.

Plaintiff argues that the term "alter a flow of current" should be construed to mean "change a loop current while it flows." Defendants argue that this term does not need construction. Alternatively, if it is to be construed, Defendants argue that it should be construed to mean "change a current flow by placing a low frequency signal on the wires of the cable."

The Court tentatively agrees that this term does not need construction.

**9. "Information about the first [second] piece of equipment/an object"**

The term "information about the first [second] piece of equipment/an object" appears in claims 1 and 53 of the '250 Patent.

Plaintiff argues that the term "information about the first [second] piece of equipment/an object" should be construed to mean "predetermined information about each piece of equipment or object." Defendants, on the other hand, argue that it should be construed to mean "information sufficient to identify or distinguish the first [the second] piece of equipment from another piece of equipment/an object from another object connected to the network."

The Court proposes the following construction: "information sufficient to, but not necessarily limited to, identify or distinguish each piece of equipment or object connected to the network."

**IT IS SO ORDERED.**

Dated: February 3, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6