UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIMAR SYSTEMS INC., et al.,<br>    Plaintiffs,<br>v.<br>CISCO SYSTEMS INC, et al.,<br>    Defendants. | Case No. 13-cv-01300-JSW   (MEJ)<br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 298, 299, 300 |

## INTRODUCTION

This is a patent infringement case in which Plaintiffs ChriMar Systems, Inc. d/b/a CMS Technologies and ChriMar Holdings Company, LLC (collectively "ChriMar") allege infringement of U.S. Patent No. 7,457,250 (the '250 patent), which covers Power Over Ethernet ("PoE") products. Compl., Dkt. No. 1. Pending before the Court are two discovery dispute letters from ChriMar and Defendants Cisco Systems, Inc. and Linksys, LLC f/k/a Cisco Consumer Products LLC (collectively "Cisco"). In the first letter, ChriMar and Cisco address a dispute concerning Cisco declining to designate a witness for deposition regarding Topic 8 of ChriMar's Second Notice of Federal Rule of Civil Procedure 30(b)(6) Deposition to Cisco. Dkt. No. 298 ("30(b)(6) Ltr."). In the second letter, they address a dispute concerning a document Cisco is withholding on the basis of privilege. Dkt. No. 299 (redacted version), 300 (unredacted version) ("Priv. Ltr."). Having considered the parties' positions and the relevant legal authority, the Court issues the following Order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

1  whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*
2  Discovery need not be admissible in evidence to be discoverable. *Id.* However, a court "must
3  limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the
4  discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other
5  source that is more convenient, less burdensome, or less expensive; (ii) the party seeking
6  discovery has had ample opportunity to obtain the information by discovery in the action; or (iii)
7  the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.
8  26(b)(2)(C).

Additionally, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## DISCUSSION

### A.   30(b)(6) Letter

ChriMar served its Second Notice of Rule 30(b)(6) Deposition to Cisco on October 28, 2015. 30(b)(6) Ltr. at 3. Topic 8 seeks testimony regarding: "Any use by Cisco of any combination of one or more [Power Devices] and one or more [Power Sourcing Equipments] including any internal or commissioned use in any testing, presentation, instruction, or experimentation, as well as the identity of all personnel involved in, or responsible for, such uses, the location(s) of such uses, the timeframes corresponding to such uses, and the particular PDs and PSEs used in the combination(s)." *Id.* at 3 n.1.

Cisco argues ChriMar failed to timely address its objections to Topic 8. *Id.* at 5. Cisco maintains it repeatedly attempted to address ChriMar's request for the information sought by Topic No. 8, offering on multiple occasions to meet and confer about the request, but ChriMar ignored those offers. *Id.* Instead, ChriMar re-raised the request after multiple depositions of

1   Cisco witnesses occurred in December 2015, and after the December 22, 2015 close of fact
2   discovery. *Id.* During the parties' meet and confer about the topic on December 29, Cisco offered
3   to provide an interrogatory response with responsive information, but ChriMar refused. *Id.* Cisco
4   contends ChriMar's failure to timely address this issue "provides reasonable grounds for rejecting
5   ChriMar's belated request altogether," but it "remains willing to provide information responsive to
6   an appropriately narrowed version of Topic No. 8 in the form of an interrogatory response, which
7   should fully provide ChriMar with anything it could reasonably need." *Id.*

8         Cisco further argues Topic 8 is not reasonably particular and as phrased would impose
9   enormous burden on Cisco without adequate justification. *Id.* at 6. It notes the topic seeks
10  detailed information concerning Cisco's use of PoE equipment, "anywhere in the world, without
11  any temporal limitation, as well as the identity of any individuals involved in or responsible for
12  such use." *Id.* As Cisco is a worldwide company, with over 70,000 employees (including over
13  35,000 employees in the U.S.) and numerous locations around the world, including over 100
14  locations in the U.S. alone, Cisco argues that responding to the literal terms of ChriMar's request
15  "would impose enormous, and unnecessary, burden on Cisco, disproportionate to any conceivable
16  need in this action." *Id.* Accordingly, Cisco maintains ChriMar is not entitled to a deponent on
17  such an "expansive fishing expedition" with no legitimate justification for imposing this burden.

18        ChriMar argues its requests were timely and that Cisco informed it that preparation to
19  testify regarding ChriMar's noticed topics would not be an issue. *Id.* at 4. It maintains it followed
20  up with requests for witnesses at least seven times, on November 4, 6, 9, 17, and 24, and again on
21  December 2 and 9, and at no time prior to the December 29, 2015 meet and confer did Cisco give
22  ChriMar reason to believe it required a meet and confer as a condition for providing a witness on
23  Topic 8. *Id.* at 4. ChriMar notes Cisco, on November 25, 2015, informed ChriMar it "d[id] not
24  anticipate that preparation of Cisco's witnesses to testify regarding ChriMar's noticed topics,
25  subject to Cisco's objections, will be an issue, as we discussed on August 5, 2015." *Id.* Thus,
26  ChriMar maintains it had no reason to believe Cisco had any concerns with any of ChriMar's
27  deposition topics. Despite this, at the parties' December 29 meet and confer, Cisco informed
28  ChriMar it refused to present a witness on Topic 8 because the parties did not previously meet and

3

1  confer, and ChriMar's request was therefore untimely. *Id.* at 3.

2      Rule 30 requires a corporation to designate a deponent sufficiently knowledgeable to
3  testify on the corporation's behalf "about information known or reasonably available to the
4  organization." Fed. R. Civ. P. 30(b)(6). A party noticing a deposition pursuant to Rule 30(b)(6)
5  must describe with reasonable particularity the matters on which the examination is requested. *Id.*
6  "However, the 'reasonable particularity' requirement of Rule 30(b)(6) cannot be used to limit what
7  is asked of the designated witness at a deposition." *UniRAM Tech., Inc. v. Monolithic Sys. Tech.,*
8  *Inc.*, 2007 WL 915225, at *2 (N.D. Cal. Mar. 23, 2007) (citing *Detoy v. City & Cty. of S.F.*, 196
9  F.R.D. 362, 366-67 (N.D. Cal. 2000)). "The 30(b)(6) notice establishes the minimum about which
10 the witness must be prepared to testify, not the maximum." *Id.* (citing *Detoy*, 196 F.R.D. at 366-
11 67). Thus, the corporation must "not only produce such number of persons as will satisfy the
12 request, but more importantly, prepare them so that they may give complete, knowledge, and
13 binding answers on behalf of the corporation." *Guifu Li v. A Perfect Day Franchise, Inc.*, 2011
14 WL 3895118, at *2 (N.D. Cal. Aug. 29, 2011) (citation omitted). "However, if the deponent does
15 not know the answer to questions outside the scope of the matters described in the notice, then that
16 is the examining party's problem." *Detoy*, 196 F.R.D. at 367 (quoting *King v. Pratt & Whitney, a*
17 *Div. of United Techs. Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995) (internal quotations omitted)).

18     Although Cisco appears to contend otherwise, there is no genuine dispute that ChriMar's
19 requests were timely served. Further, although Cisco objected to ChriMar's requests and offered
20 to meet and confer, it did not inform ChriMar it would refuse to provide a witness as to Topic 8.
21 In fact, Cisco stated "we do not anticipate that preparation of Cisco's witnesses to testify regarding
22 ChriMar's noticed topics, subject to Cisco's objections, will be an issue." 30(b)(6) Ltr. at 4. The
23 interests of justice are not served when a party informs an adversary that a witness will testify on a
24 given topic, at least in part, only to then refuse to present a witness at all. Had Cisco informed
25 ChriMar it objected to Topic 8 as a whole and would not offer a witness to testify at the time of its
26 initial objections, the parties could have likely resolved their differences and not burden the Court
27 with last-minute discovery disputes after the discovery cut-off.

28     At the same time, it is not clear why ChriMar failed to meet and confer based on Cisco's

objections until two months after serving its requests and one week after discovery closed. ChriMar argues it was incumbent on Cisco to seek a protective order if it believed a deposition on Topic 8 was improper. *Id.* at 4. However, the undersigned does not permit discovery motions and instead requires parties to meet and confer in person prior to filing a joint discovery letter. *See* Discovery Standing Order ¶ 2. There is no indication ChriMar followed up on Cisco's meet and confer offer. Further, Federal Rule of Civil Procedure 37 requires parties to first attempt to resolve their discovery disputes before burdening the Court with motion practice. *See Bernstein v. Apollo Grp., Inc.*, 2014 WL 854834, at *6 (N.D. Cal. Feb. 28, 2014) ("[T]he Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues.").

Based on this record, it is not clear that one party is entirely at fault. Nevertheless, at this point, discovery has closed and a deposition on Topic 8 would burden Cisco by requiring it to make one of its witnesses available for a second day of deposition. Further, Cisco's argument regarding the burden of responding is well-taken, given that Topic 8 seeks information from "anywhere in the world, without any temporal limitation, as well as the identity of any individuals involved in or responsible for such use." 30(b)(6) Ltr. at 6. This is especially true in light of the recently revised Federal Rule of Civil Procedure 26(b)(1), which balances the proportional needs of the case, "considering the importance of the issues at stake in the action . . . the importance of the discovery in resolving the issues, and why the burden or the expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). ChriMar does not address Cisco's burden argument and, as noted above, had ChriMar responded to Cisco's offer to meet and confer about Topic 8 in a timely manner, the parties might have been able to agree to a narrowed version of the topic in advance of the depositions of Cisco witnesses that took place in December 2015.

With this balance of factors in mind, the Court shall permit Cisco to respond to Topic 8 in writing, so ChriMar can obtain the information it seeks, but Cisco will not need to submit to a second deposition. Further, Cisco's response to Topic 8 need only describe representative examples of Cisco's use of PoE equipment at selected locations in the United States. ChriMar has

5

not explained why such a mechanism would not provide it what it needs, and there is no reason it will not.  The parties shall meet and confer to determine if they can agree on the representative examples; if not, they shall comply with the undersigned's Discovery Standing Order.

**B.      Privilege Letter**

Next, the parties dispute whether Cisco properly withheld from ChriMar a document it previously identified in a related International Trade Commission ("ITC") proceeding as "Cisco *in camera* Exhibit No. 1" based on a claim of attorney-client privilege.  Priv. Ltr. at 3.  Cisco maintains Exhibit No. 1 consists of an internal Cisco email exchange between its in-house counsel.  *Id.*  During the ITC proceeding, Cisco's counsel informed the Administrative Law Judge it was withholding as privileged a document Cisco identified as Exhibit No. 1.  *Id.*  ChriMar contends this document "mentions, discusses or concerns" a matter which Cisco relies on in this litigation to support certain of its affirmative defenses and counterclaims.  *Id.*  As there was no ruling by the Administrative Law Judge as to the admissibility of Exhibit No. 1 prior to termination of the ITC proceeding, ChriMar now seeks its production.  *Id.*  On January 11, 2016, the Court ordered Cisco to submit the document for in camera review.  Dkt. No. 304.

Having reviewed Exhibit No. 1 in camera, the Court finds it is a privileged document consisting of an exchange between three Cisco in-house attorneys that provides legal advice.  Further, Cisco has not waived any privilege with respect to the document because Cisco has only relied on the facts underlying the communication and not on the actual advice from the attorneys as the basis for its defense.  Finally, ChriMar's request for a redacted version is impractical given that the matters discussed in the document are inextricably intertwined with privileged discussion among Cisco's lawyers.  Accordingly, ChriMar's request to compel production is DENIED.

**CONCLUSION**

Based on the analysis above, the Court **ORDERS** as follows:

1) Cisco shall provide a written interrogatory response to Topic 8 describing representative examples of Cisco's use of PoE equipment at selected locations in the United States.  The parties shall meet and confer to determine if they can agree on the representative examples; if not, they shall comply with the undersigned's

1    Discovery Standing Order.

2    2)   ChriMar's request to compel production of Exhibit No. 1, either in redacted or

3    unredacted form, is **DENIED**.

4    **IT IS SO ORDERED.**

Dated: January 12, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge