UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIMAR SYSTEMS INC, et al., <br><br>Plaintiffs, <br><br>v. <br><br>CISCO SYSTEMS INC, et al., <br><br>Defendants. | Case No. 13-cv-01300-JSW   (MEJ) <br><br>**DISCOVERY ORDER** <br><br>Re: Dkt. No. 310 |

This is a patent infringement case in which Plaintiffs ChriMar Systems, Inc. d/b/a CMS Technologies and ChriMar Holdings Company, LLC (collectively "ChriMar") allege infringement of U.S. Patent No. 7,457,250 (the '250 patent), which covers Power Over Ethernet ("PoE") products. Compl., Dkt. No. 1. Pending before the Court is a discovery letter from ChriMar and Defendant Hewlett Packard Co. ("HP") addressing a dispute concerning HP declining to designate a witness for deposition regarding any of Topics 11, 12, and 16-20 (the "Dispute Topics")[1] of

---

[1] Topic 11 seeks: "All facts and circumstances supporting, showing lack of support for, or otherwise relating to your counterclaim titled 'Count II (Declaratory Judgment Action for a Declaration of Patent Unenforceability Due to Unclean Hands).'"

Topic 12 seeks: "All facts and circumstances supporting, show lack of support for, or otherwise relating to your counterclaim titled 'Count III (Breach of Contract).'"

Topic 16 seeks: "All facts and circumstances supporting, showing lack of support for, or otherwise relating to your fourth affirmative defense titled 'Estoppel.'"

Topic 17 seeks: "All facts and circumstances supporting, showing lack of support for, or otherwise relating to your fifth affirmative defense titled 'Unclean Hands.'"

Topic 18 seeks: "All facts and circumstances supporting, showing lack of support for, or otherwise relating to your sixth affirmative defense titled 'Waiver.'"

Topic 19 seeks: "All facts and circumstances supporting, showing lack of support for, or otherwise relating to your seventh affirmative defense titled 'Implied License.'"

[Continued on to next page.]

ChriMar's October 29, 2015, Third Notice of 30(b)(6) Deposition to HP. Jt. Ltr., Dkt. No. 310.

The Disputed Topics relate to HP's affirmative defenses and counterclaims. *Id.* at 3. ChriMar requests the Court to direct HP to produce a witness to provide testimony so it can explore the factual assertions and circumstances in HP's prior responses to ChriMar's interrogatories. *Id.* ChriMar contends it does not seek to duplicate discovery already obtained, but rather seeks to explore HP's responses to avoid surprise at trial. *Id.* at 4. ChriMar indicates it is willing to forego a deposition if HP agrees to refrain from introducing evidence or argument not set forth with particularity in its interrogatory responses. *Id.*

HP maintains the Disputed Topics "are not those any one human can be expected to reliably cover and are best addressed through interrogatories," and that it thoroughly answered ChriMar's interrogatories. *Id.* at 6. HP contends it would be premature and prejudicial to require it to enter into a stipulation that it will not offer any evidence or argument not set forth in its interrogatory responses, as the factual and legal bases for the affirmative defenses and counterclaims will be further addressed through HP's experts. *Id.* at 7. HP notes the presiding judge, the Honorable Jeffrey S. White, has the discretion to preclude a party from offering evidence not provided in a discovery response, but argues such a ruling should await trial and be decided by Judge White in pre-trial/in limine motions. *Id.*

Rule 30 requires a corporation to designate a deponent sufficiently knowledgeable to testify on the corporation's behalf "about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). A party noticing a deposition pursuant to Rule 30(b)(6) must describe with reasonable particularity the matters on which the examination is requested. *Id.*

Although ChriMar argues the Disputed Topics are not duplicative as they seek to explore the factual assertions and circumstances in HP's interrogatory responses, the Disputed Topics are not so limited, seeking "[a]ll facts and circumstances supporting, showing lack of support for, or otherwise relating to" HP's affirmative defenses and counterclaims. *Id.* at 5-6.[1] There is no

---

[1] Topic 20 seeks: "All facts and circumstances supporting, showing lack of support for, or otherwise relating to your ninth affirmative defense titled 'Patent Misuse.'" Jt. Ltr. at 5-6.

indication ChriMar attempted to narrow the focus of the 30(b)(6) deposition based on HP's interrogatory responses. At the same time, ChriMar does not contend HP's interrogatory responses are inadequate; nowhere does it argue HP's response was incomplete. "[D]etermining the bases for contentions in a patent case, even if the contentions are mainly related to the factual predicate for affirmative defenses, may involve complex judgments about evidence, claims, and principles of intellectual property law." *TV Interactive Data Corp. v. Sony Corp.*, 2012 WL 1413368, at *3 (N.D. Cal. Apr. 23, 2012) (citing *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287, *overruled on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991)). As such, given the technical nature of the patent claims at issue here and the broad scope of the Disputed Topics, the Court is not convinced that a 30(b)(6) deposition is appropriate. *See id.* ("Considering the technical nature of the patent claims at issue here, and the vagueness with which Topic 52 was originally drafted, TVI has not persuaded the Court that a 30(b)(6) deposition is warranted on this topic. TVI is able to learn the same information it seeks through this deposition from appropriately framed contention interrogatories, which TVI has already propounded."); *McCormick-Morgan*, 134 F.R.D. at 286 ("no one human being can be expected to set forth, especially orally in deposition, a fully reliable and sufficiently complete account of the bases for the contentions and positions taken . . . .").

Further, ChriMar's request that HP refrain from introducing evidence not set forth with particularity in its interrogatory responses is premature. As noted above, Judge White has the discretion to preclude HP from offering evidence it failed to provide in discovery.

Based on this analysis, the Court **DENIES** ChriMar's request to compel a 30(b)(6) deposition.

**IT IS SO ORDERED.**

Dated: January 13, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge