UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIMAR SYSTEMS INC, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>CISCO SYSTEMS INC, et al.,<br><br>   Defendants. | Case No. 13-cv-01300-JSW<br><br>**ORDER REGARDING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Docket No. 293 |

On January 5, 2016, Plaintiffs, ChriMar Systems Inc. d/b/a CMS Technologies and ChriMar Holding company, LLC (collectively "ChriMar"), filed a motion to seal portions of its motion for leave to amend its answer to the counterclaims asserted by Defendants Cisco Systems ("Cisco"), Inc. and Hewlett Packard Co. ("HP") and exhibits to a declaration supporting that motion.

Cisco filed a declaration in support of the motion, and ChriMar has filed a supplemental declaration in support of the motion. (*See* Docket Nos. 301, 305.) According to ChriMar, HP designated portions of Exhibit 4 as highly confidential. HP has not filed a declaration pursuant to Northern District Civil Local Rule 79-5.

The Court denies the motion, in part, to the extent it requests to seal citations to the record, which do not reveal any confidential information. ChriMar's motion is overly broad in that respect. Therefore, to the extent the Court ultimately grants the motion to seal, ChriMar shall not redact the citations to the record.

The Court tentatively denies the request to seal page 3 lines 3-5, of the motion, as well as page 23 lines 6-9 of the Jones Deposition, because it appears that those portions of the record do not reveal any confidential information.  The Court will give the parties leave to further support

1  their request to seal those portions of the record in the supplemental declarations permitted by this
2  Order.
3        The Court RESERVES RULING on the remainder of the motion, and it ORDERS Cisco
4  and ChriMar to submit further declarations supporting their requests to seal the portions of the
5  motion that have been redacted, as well as the exhibits.  In addition, because Cisco contends that
6  Exhibit 1 need not be filed under seal, ChriMar shall identify by page and line the portions of
7  Exhibit 1 (and Exhibit 4, if appropriate), that it contends must be sealed.  If third or non-parties
8  have designated this information as confidential, ChriMar should also advise the Court whether
9  any additional declarations will be filed in support of the motion to seal.
10        Finally, the Court ORDERS all parties to address whether the Court should apply the
11  "compelling reasons" or the "good cause" standard to resolve the motion.  *See, e.g., Center for*
12  *Auto Safety v. Chrysler Group*, No. 15-55084, Slip. Op. at 11-12, 17-18 (9th Cir. Jan. 11, 2016).
13        All responses to this Order shall be due by no later than January 26, 2016.
14  **IT IS SO ORDERED.**
15  Dated: January 13, 2016

_____
JEFFREY S. WHITE
United States District Judge