UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIMAR SYSTEMS INC, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>CISCO SYSTEMS INC, et al.,<br><br>          Defendants. | Case No. 13-cv-01300-JSW<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND**<br><br>Re: Docket. Nos. 292, 293-4 |

Now before the Court for consideration is the motion for leave to amend, filed by Plaintiffs, ChriMar Systems Inc. d/b/a CMS Technologies and ChriMar Holding Company, LLC (collectively "ChriMar") (Docket Nos. 292, and 293-4).[1] The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motions suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for March 4, 2016, and it HEREBY GRANTS ChriMar's motion for leave to amend.[2]

**BACKGROUND**

On October 31, 2011, ChriMar filed this suit in the United States District Court for the District of Delaware, in which it alleged that Defendants, Cisco Systems, Inc., Cisco Consumer Products LLC, Cysco-Linksys LLC (collectively, "Cisco") and Hewlett-Packard Co. ("HP"), infringed U.S. Patent No. 7,457,250, as re-examined (the "'250 Patent"). Cisco alleged, *inter alia*, that Cisco's and HP's infringing products practiced amendments to the Institute of Electrical and Electronics Engineers ("IEEE") 802.3 standard, known as the 802.3af and/or 802.3at standards.

---

[1] The un-redacted verision of ChriMar's motion is docketed at 293-4.

[2] The Court will resolve the pending motions to seal in a separate order, once it receives the supplemental responses ordered on February 9, 2016.

1  (Compl. ¶ 13.)³

2  On January 6, 2012, Cisco filed its answer and asserted counterclaims against ChriMar. ChriMar filed its answer to the counterclaim on December 4, 2012. (Docket Nos. 23, 30, 44.) On December 26, 2012, Cisco filed amended counterclaims, and ChriMar filed its answer on January 22, 2013. (Docket No. 51, 57, 60.) On December 26, 2012, HP filed its answer and asserted counterclaims against ChriMar, and ChriMar filed its answer on January 22, 2013. (Docket Nos. 52, 56, 61.)

On August 5, 2014, ChriMar moved to dismiss specific counterclaims. (Docket No. 202.) On October 29, 2014, the Court granted the motion, with leave to amend. (Docket No. 240.) On December 1, 2014, Cisco and HP filed answers and amended counterclaims. (Docket Nos. 242, Cisco Answer and Second Amended Counterclaim ("Cisco SAC"), 243, HP Answer and First Amended Counterclaim "HP FAC").) ChriMar filed its answers to the amended counterclaims on December 18, 2014. (Docket Nos. 244, 245.)

In brief, HP and Cisco asserted counterclaims for: (1) declarations of non-infringement, invalidity, and unenforceability of the '250 Patent; (2) alleged violations of section 2 of the Sherman Act (the "Sherman Act Claims")⁴; (3) breach of contract; (4) alleged violations of California's Unfair Competition Law, Business and Professions Code sections 17200, *et seq.* (the "UCL Claim"); and (5) fraud. (Cisco SAC ¶ 1; HP FAC ¶ 1.) Each of these claims are premised on the basis that ChriMar had a duty to, but failed to disclose, the '250 Patent and/or its applications "[d]uring standardization of the 'Power over Ethernet' technology by the [IEEE] at issue in this action," as well as its licensing position about that patent." (*See generally* Cisco SAC ¶¶ 10-12, 25, 28-30, 32; HP FAC ¶¶ 9-11, 24, 27-29, 31.)⁵

---

³ According to allegations in the counterclaims, the IEEE is a standard setting organization and, in March 1999 and November 2004, there was a call to amend the 802.3 standard, which resulted in the 802.3af and 802.3at amendments.

⁴ Cisco asserts claims for monopolization. HP asserted claims for monopolization and attempted monopolization. However, it has stated that intends to dismiss these claims, and ChriMar has withdrawn its request to amend its answer as to those claims.

⁵ The Court described these allegations in more detail in its Order granting Defendants' motion for judgment on the pleadings. (Docket No. 240, Order at 1:26-3:5.)

1    On June 8, 2015, the Court issued an order in which it, *inter alia*, set deadlines to complete
2 discovery, the deadlines to file dispositive motions, and pre-trial and trial dates. (Docket No.
3 262.) Since that Order was issued, the Court has granted the parties' stipulations to modify certain
4 discovery deadlines. (*See, e.g.,* Docket Nos. 302, 319.)

5    The Court shall address additional facts as necessary in its analysis.

## ANALYSIS

**A.    The Court Grants the Motion.**

ChriMar seeks leave to amend its answers to add a statute of limitations defense to Cisco's breach of contract, Sherman Act, and fraud counterclaims, and to HP's counterclaim for breach of contract. Federal Rules of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of right any time before a responsive pleading has been served. Once a responsive pleading has been served, however, the amendment requires written consent of the adverse party or leave of the court, and leave "shall be freely given when justice requires." Fed. R. Civ. P. 15(a). "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citation omitted).

The Court considers four factors to determine whether a motion for leave to file an amended complaint should be granted: bad faith; undue delay; prejudice to the opposing party; and futility of amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, each factor is not given equal weight. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The Court addresses each factor in turn.

**1.    Bad Faith.**

Cisco and HP do not contend that ChriMar has acted in bad faith, and the record does not support such a finding. This factor weighs in favor of granting leave to amend.

**2.    Undue Delay.**

Cisco and HP contend that ChriMar has been on notice of the essential facts that support the statute of limitations defense since they filed their original counterclaims. When assessing whether a party unduly delayed in seeking leave to amend, courts focus on "'whether the moving party knew or should have known the facts and theories raised by the amendment in the original

3

1  pleading,'" rather than whether the motion to amend was timely filed. *AmerisourceBergen Corp.*
2  *v. Dialysis West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Hawaii*, 902
3  F.2d 1385, 1388 (9th Cir. 1990)). "[L]ate amendments to assert new theories are not reviewed
4  favorably when the facts and the theory have been known to the party seeking amendment since
5  the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781
6  F.2d 1393, 1398 (9th Cir. 1986) (citations omitted).

7      ChriMar asserts that the applicable statutes of limitations for the breach of contract, fraud
8  and Sherman Act claims are four years, three years, and four years, respectively.[6] ChriMar
9  contends that it only recently learned, through discovery, of the facts that would support its statute
10 of limitations defense for the claims at issue.[7] ChriMar does not, however, explain why it had
11 enough information to assert a statute of limitations defense to the UCL Claim, when the essential
12 facts underlying each of Cisco and HP's counterclaims are the same. The UCL Claim, like the
13 Sherman Act Claims, has a four year statute of limitations. *See* Cal. Bus. & Prof. Code § 17208.

14     ChriMar also argues that it was only able to learn of the facts that would support a statute
15 of limitations defense to HP's breach of contract claim, when HP served corrected responses to
16 ChriMar's contention interrogatories. Although those responses provide more factual detail than
17 HP's original counterclaim, they still contain the same basic facts, namely that a ChriMar
18 representative was present at IEEE meetings in 2000 and 2005 and failed to disclose the '250
19 Patent or its position on licensing. (*See* ChriMar Reply, Ex. 6 (HP Response to Interrogatory 16).

20     With respect to Cisco's counterclaims, ChriMar focuses on the fact that during a Rule

---

[6] Although ChriMar argues that it does not bring its breach of contract and fraud claims under California law, the only state law it cites with respect to the applicable statutes of limitations for those claims is the California Code of Civil Procedure.

[7] In its reply brief, ChriMar also suggested that it could not have known of some of the facts necessary to assert a statute of limitations defense, until Cisco and HP amended their counterclaims to comport with the Court's ruling on their motion for judgment on the pleadings. However, the basic allegations that ChriMar failed to disclose the '250 Patent to the IEEE and its licensing position on the patent remain the same. Indeed, the allegations relating to Cisco's breach of contract claim are identical. (*Compare* Cisco First Amended Counterclaim ¶¶ 54-58 *with* Cisco SAC ¶¶ 62-66.) Thus, the Court is not persuaded that the amendments to the counterclaims provided ChriMar with facts of which it was previously unaware.

1   30(b) deposition, on December 11, 2015, one of Cisco's corporate designees purported to testify to

2   new facts that support the statute of limitations defense.  (*See* Declaration of Brandon Jordan, Ex.

3   2 (Deposition of Chad Jones ("Jones Depo.") at 38:16-40:2.)   Based on the limited factual record

4   before the Court, Mr. Jones' testimony does appear to include at least some new facts that might

5   alter the calculation of when the statute of limitations began to run.  At the same time, the record

6   also shows that the majority of the facts supporting Cisco's counterclaims were known to ChriMar

7   well before it filed this motion.

8   The Court finds that there has been some delay in filing this motion.  Because delay alone

9   would not be sufficient to deny leave to amend, the Court considers the remaining factors.  *See*

10  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

**3.     Prejudice.**

12  Cisco and HP also argue that they would be prejudiced if the Court grants leave to amend.

13  Prejudice is the most significant factor for considering whether leave to amend should be granted.

14  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Prejudice must be

15  substantial in order for the Court to justify denying leave to amend.  *Morongo*, 893 F.2d at 1079.

16  Cisco argues that if the Court grants the motion, it would need to obtain additional

17  discovery.  With one exception, Cisco does not specify what additional facts would need to be

18  developed to respond to the defense.  (*See* Cisco Opp. at 9:22-23, 9:28-10:2.)  HP joined in

19  Cisco's motion, but it does not articulate any additional discovery that it would need to obtain to

20  counter a statute of limitations defense.  Although the deadlines to file dispositive motions are

21  looming, the Court finds that this case is distinguishable from *Medtronic, Inc. v. AGA Med. Corp.*,

22  No. 07-cv-0567 MMC, 2009 WL 416538, at *2 (N.D. Cal. Feb. 18, 2009), on which Cisco relies.

23  In that case, the court found that a late amendment would cause prejudice, because it would

24  require the preparation of "a defense to a counterclaim with a factual basis distinct from that of

25  Medtronic's underlying claims and whose inclusion in the action would substantially expand the

26  issues for trial."  *Id.*  That is not the case here.

27  In addition, when it filed its answers to each of the amended counterclaims, ChriMar did

28  assert a laches defense and it also asserted a statute of limitations defense to the UCL claims.

5

Thus, both HP and Cisco were placed on notice that the timeliness of their claims would be an issue. *Cf. Novell, Inc. v. Unicom Sales, Inc.*, No. 03-cv-02785-MMC, 2004 U.S. Dist. LEXIS 24538, at *5 (N.D. Cal. Aug. 17, 2004) (concluding that because plaintiff had asserted laches defense, defendant was on notice that timeliness of action would be at issue).

Finally, the Court could remedy any potential prejudice by allowing some additional fact discovery to be taken out of time, if Cisco can, in good faith, show that discovery would be necessary to respond to a statute of limitations defense. While that may require the Court to adjust the deadlines relating the dispositive motions deadlines, pretrial and trial, the Court will not grant a significant extension of existing deadlines. On balance, the Court concludes that neither Cisco nor HP have shown "substantial prejudice." *See also Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

This factor weighs in favor of granting leave to amend.

### 4. Futility.

Finally, Cisco and HP argue that it would be futile to grant ChriMar leave to assert the statute of limitations as a defense. Cisco filed its original counterclaim on January 6, 2012. Thus, Cisco must show that its Sherman Act claims accrued on or after January 6, 2008. Assuming *arguendo* that California law applies, Cisco must show that the breach of contract claim accrued on or after January 6, 2008 or January 6, 2010, depending on the nature of the contract asserted, and show that its fraud claim accrued on or after January 6, 2009. HP filed its original counterclaim on December 26, 2012. Thus, depending on the nature of the contract asserted, it must show that its claim accrued on or after December 26, 2008 or December 26, 2010. Cisco and HP both argue that their claims did not accrue until October 2011, when ChriMar sued on the '250 Patent. ChriMar argues that the claims accrued much earlier, although it does not posit specific dates on which the various claims accrued.

The Court cannot say, based on the existing factual record and the parties' briefing of the issue, that it would be futile to give ChriMar leave to assert a statute of limitations defense. Therefore, the Court finds that this fact weighs in favor of granting ChriMar leave to amend.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Chri-Mar's motion for leave to amend its answers. ChriMar shall file its amended answers by no later than February 16, 2016.

**IT IS SO ORDERED.**

Dated: February 10, 2016

_____
JEFFREY S. WHITE
United States District Judge