UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIMAR SYSTEMS INC, et al., <br> Plaintiffs, <br> v. <br> CISCO SYSTEMS INC, et al., <br> Defendants. | Case No. 13-cv-01300-JSW <br><br> **ORDER RESOLVING MOTIONS TO SEAL** <br><br> Re: Docket Nos. 293, 316, 322 |

This matter comes before the Court upon consideration of motions to seal the briefs and evidence submitted in connection with Plaintiff Chrimar Systems, Inc.'s motion to file amended answers to counterclaims asserted by the defendants in this case.

The Court has considered the supplemental briefs filed on March 1, 2016, and it HEREBY GRANTS, IN PART, the motions to seal, with the caveat that, as previously stated, factual citations to the record shall not be sealed.

| DOCUMENT | PORTIONS THAT MAY BE SEALED |
|---|---|
| Docket No. 292, ChriMar's Motion for Leave to Amend Answer | 3:15-17 (starting after "For example,") <br> 3:18-21 (starting after "application.") <br> 3:23-27 <br> 4:3-5 (starting with first full sentence on line up to but not including "Chad Jones) <br> 4:6-13 |

| | |
|---|---|
| Docket No. 293-5, Declaration of Brandon M. Jordan, Ex. 1 (Responses to Interrogatories)[1] | 57:9-12 |
| Docket No. 293-6, Declaration of Brandon M. Jordan, Ex. 2 (Excerpts of Deposition of Chad Jones) | **Any portions of the deposition that were not cited by the parties in any of their briefs may redacated. For example, if ChriMar did not cite to page 56:16-57:18 of the Jones deposition, those pages and lines should be redacted. However, the Court shall not seal page 56:13-15.** In addition, the following pages and lines may be sealed: 51:8-12  52:11-53:13  54:3-55:20  59:2-12  61:2-5 |
| Docket No. 293-7, Declaration of Brandon M. Jordon, Ex. 3 (Deposition of Dan Lang) | Any portions of the deposition that were submitted with the exhibit but were not cited in any the briefs may be redacted. In addition, the following pages may be sealed: 91:10-15  92:10-22  154:8-155:16 (pages 153:16-154:7 are not |

---

[1]   In its supplemental brief in support of the motions to seal, ChriMar refers to Docket No. 292 for the exhibits submitted in support of its opening motion for leave to amend. The same is true with the parties' references to Docket No. 314, the Cisco Defendants' opposition, and to ChriMar's references to Docket No. 322, its reply brief. However, because the un-redacted versions of the documents sought to be sealed are located at Docket Nos. 293, 316, and 323, respectively, the Court has referred to those docket entries in this Order.

2

| | |
|---|---|
| | sealable) |
| Docket No. 316-3, Cisco Opposition to Motion for Leave to Amend | 2:16-23<br>6:20-27<br>7:20-27<br>9:22 |
| Docket No. 316-6, Declaration of Michael De Vries, Ex. A (License Agreement) | Entire document may be sealed. |
| Docket No. 316-8, Declaration of Michael De Vries, Ex. B (Deposition of Monte Cooper) | Any portions of the deposition that were submitted with the exhibit but were not cited in any of the briefs may be redacted.  In addition, the following pages may be sealed<br>18:12-17<br>19:23-20:1 |
| Docket No. 323-4, ChriMar Reply Brief[2] | 12:1-3 (up to citations to record)<br>12:4-7 (after "However" and up to citations to record)<br>12:8-10 (after "one hand" and up to "as it"<br>12:17-18 (after "that" on line 17 and up to "that" on line 18)<br>12:21-25<br>13:3 (after "patent" and up to citations to record) |

---

[2] In its supplemental submission, ChriMar has included its reply brief and supporting evidence in its chart. It states that certain portions do not contain ChriMar confidential material, but cites to declarations previously submitted the Cisco Defendants, which were submitted in support of sealing that material. (*See generally* Docket No. 332, ChriMar Supplemental Brief at 6:3-26.) The Court found the prior declarations were insufficient to support the motions to seal. Because the Cisco Defendants have not addressed any portion of ChriMar's reply brief or the supporting evidence in their supplemental chart, the Court will only seal those portions that ChriMar contends contains its confidential information or which are adequately supported by the Cisco Defendants' supplemental submission.

The parties shall file redacted versions of their briefs and evidence, which comport with the terms of this Order by March 16, 2016.

**IT IS SO ORDERED.**

Dated:  March 9, 2016

                                           JEFFREY S. WHITE
                                           United States District Judge