UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIMAR SYSTEMS INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CISCO SYSTEMS INC, et al.,<br><br>Defendants. | Case No. 13-cv-01300-JSW<br><br>**ORDER GRANTING, IN PART, STIPULATION TO MODIFY CASE SCHEDULE AND BRIEFING LIMITS**<br><br>Re: Docket No. 343 |

The Court has received and considered the parties' stipulation to modify the case schedule and to enlarge the page limits on the parties' anticipated motions for summary judgment.

The Court GRANTS the request to depose Dr. Madisetti on March 22, 2016, although the deadline to complete expert discovery has passed.

The Court also GRANTS the request to enlarge the page limits on motions for summary judgment. The parties shall have thirty (30) pages for opening briefs and opposition briefs, and shall have twenty (20) pages for the reply briefs.

The Court also is willing to extend the deadlines for filing motions for summary judgment. However, it is not clear from the parties' stipulation whether Plaintiffs also intend to file a motion for summary judgment. If that is the case, the Court still prefers to resolve any motions for summary judgment through a four brief process, especially if the issues, or claims, on which the parties are going to move overlap. In addition, the Cisco Defendants have moved to amend their Counterclaims and Affirmative Defenses to include a claim for inequitable conduct. The hearing on that motion is not scheduled to be heard until April 22, 2016, which is after the parties' proposed deadline to file motions for summary judgment.

Accordingly, the Court HEREBY ORDERS the parties to meet and confer further on the

anticipated issues and claims that will be addressed in a motion for summary judgment to determine if there are any overlapping issues or claims. If so, the parties shall proceed by filing cross-motions on a four brief schedule, and the party who bears the burden of proof should file the opening brief.

If the Plaintiffs do intend to file a motion for summary judgment, but on issues or claims that are unrelated to the issues raised by Defendants' motion, the Court will follow a traditional three brief format.

Finally, the parties should meet and confer on a filing deadline and a hearing date that makes sense in light of the pending motions.

The parties shall submit a further stipulation and proposed order regarding the deadlines to file motions for summary judgment, and a date for hearing, that clarifies these issues by April 1, 2016. The Court VACATES the deadline of April 8, 2016 to file motions for summary judgment and it VACATES the May 20, 2016 hearing date.

**IT IS SO ORDERED.**

Dated: March 21, 2016

_____
JEFFREY S. WHITE
United States District Judge