UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIMAR SYSTEMS INC, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CISCO SYSTEMS INC, et al.,<br><br>  Defendants. | Case No. 13-cv-01300-JSW<br><br>**NOTICE OF TENTATIVE RULING AND REQUIRING SUPPLEMENTAL BRIEFING IN ADVANCE OF HEARING**<br><br>Re: Docket. Nos. 338-339, |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING on Defendants' motion for leave to amend, which is scheduled for a hearing on April 22, 2016. The Court issues this tentative ruling in the hopes that the parties might be able to meet and confer and resolve this issue without further Court involvement. If they are able to do so, they shall file a stipulation and order to that effect by April 20, 2016. If they cannot, the Court shall resolve the motion in advance of the deadline to file motions for summary judgment.

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of right any time before a responsive pleading has been served. Once a responsive pleading has been served, however, the amendment requires written consent of the adverse party or leave of the court, and leave "shall be freely given when justice requires." Fed. R. Civ. P. 15(a). The Court considers five factors to determine whether a motion for leave to file an amended complaint should be granted: "'(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,]'" and (5) whether the moving party previously amended a pleading. *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9thc Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

1   Each factor is not given equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d
2   1048, 1052 (9th Cir. 2003); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Absent
3   prejudice, or a strong showing of any of the remaining … factors, there exists a *presumption* under
4   Rule 15(a) in favor of granting leave to amend." *Eminence Captial*, 316 F.3d at 1052 (emphasis
5   in original).

6   In brief, the Court tentatively finds that each of these factors would support granting leave
7   to amend. The Court tentatively concludes there has been no bad faith and, to the extent there has
8   been some delay, that, on its own would not justify denying the motion. With respect to futility,
9   the Court's tentative view is that Defendants have *alleged* sufficient facts to show that amendment
10  would not be futile and that, on this record, the Court could not rule as a matter of law the
11  allegations fail to satisfy the standards required to show specific intent to deceive and materiality.
12  *See Therasense v. Becton , Dickinson & Co.*, 649 F.3d 1276, 1290-93 (Fed. Cir. 2011). Rather, it
13  appears to the Court that the arguments presented in opposition to the motion are better addressed
14  in the context of the impending motions for summary judgment.

15  Plaintiffs argue that if the Court grants the motion, it "may" warrant reopening discovery
16  and the exchange of additional expert reports "to the extent" an expert in patent office practice is
17  warranted. (*See* Opp. Br. at 4:16-19.) The Court tentatively finds that, on the current record,
18  Plaintiffs have not made a strong showing of prejudice. The Court also tentatively concludes that
19  Plaintiffs have not shown that any potential prejudice could not be cured by permitting some
20  limited and targeted discovery on an expedited basis. Because prejudice is the factor that, in
21  general, carries the greatest weight, the Court concludes supplemental briefing would be useful.

22  Accordingly, the Court HEREBY ORDERS Plaintiffs to file a supplemental brief, not to
23  exceed five (5) pages, that outlines in detail the discovery they would need to obtain to adequately
24  respond to a claim or defense of inequitable conduct by **12:00 p.m. on April 13, 2016.** By this
25  Order, the Court is not inviting Plaintiffs to submit a "wish list" of any and all possible discovery
26  they might need to respond to a claim for inequitable conduct. Rather, the Court expects Plaintiffs
27  to respond to this request in good faith and in compliance with Federal Rule of Civil Procedure
28  26(b)(1). Plaintiffs should also provide an estimate of how much time they expect would be

1 required to complete any additional discovery.  Defendants may file a three (3) page response by
2 **3:00 p.m. on April 15, 2016.**
3       If, after considering the parties' supplemental briefs, the Court concludes that the motion
4 can be resolved without oral argument, it will notify the parties in advance of the hearing date.
5       **IT IS SO ORDERED.**
6 Dated: April 7, 2016

_____
JEFFREY S. WHITE
United States District Judge