UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIMAR SYSTEMS INC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CISCO SYSTEMS INC, et al.,<br><br>    Defendants. | Case No. 13-cv-01300-JSW<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWERS AND COUNTERCLAIMS**<br><br>Re: Docket. Nos. 338-339, |

Now before the Court for consideration is the motion for leave to amend, filed by Defendants, Cisco Systems, Inc. and Linksys LLC (collectively "the Cisco Defendants"), and Hewlett-Packard, Co. (collectively "Defendants," unless otherwise noted).[1] The Court has considered the parties' papers, including the supplemental briefs ordered by the Court, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for April 22, 2016, and it HEREBY GRANTS Defendants' motion for leave to amend.

**BACKGROUND**

On October 31, 2011, Plaintiffs, ChriMar Systems, Inc. d/b/a CMS Technologies and ChriMar Holding Company, LLC (collectively "Plaintiffs") filed this suit in the United States District Court for the District of Delaware, in which they alleged that Defendants infringed U.S. Patent No. 7,457,250, as re-examined (the "'250 Patent"). On January 6, 2012, the Cisco Defendants filed an answer and asserted counterclaims against Plaintiffs. Plaintiffs filed an answer to the counterclaim on December 4, 2012. (Docket Nos. 23, 30, 44.) On December 26,

---

[1] The un-redacted version of Defendants' motion is docketed at 339-4.

1 2012, the Cisco Defendants filed amended counterclaims, and Plaintiffs answered on January 22,
2 2013.  (Docket No. 51, 57, 60.)  On December 26, 2012, HP filed its answer and asserted
3 counterclaims against Plaintiffs, and Plaintiffs answered on January 22, 2013.  (Docket Nos. 52,
4 56, 61.)

5 On August 5, 2014, Plaintiffs moved to dismiss specific counterclaims.  (Docket No. 202.)
6 On October 29, 2014, the Court granted the motion, with leave to amend.  (Docket No. 240.)  On
7 December 1, 2014, Defendants filed answers and amended counterclaims.  (Docket No. 242, Cisco
8 Defendants Answer and Second Amended Counterclaim ("Cisco SAC"); Docket No. 243, HP
9 Answer and First Amended Counterclaim ("HP FAC").)  Plaintiffs filed answers to the amended
10 counterclaims on December 18, 2014.  (Docket Nos. 244, 245.)

11 On June 8, 2015, the Court issued an order in which it, *inter alia*, set deadlines to complete
12 discovery, the deadlines to file dispositive motions, and pre-trial and trial dates.  (Docket No.
13 262.)  Since that Order was issued, the Court granted a number of stipulations to modify case
14 related deadlines, and it granted Plaintiffs leave to amend their answers to the Defendants'
15 counterclaims to assert a statute of limitations defense.  (*See, e.g.,* Docket Nos. 302, 319, 328, 334,
16 344, 354.)

17 Defendants now seek leave to amend their counterclaims to assert that Plaintiffs engaged
18 in inequitable conduct by omitting a named inventor, Clyde Boenke, from the '250 Patent.

19 The Court shall address additional facts as necessary in its analysis.

20 **ANALYSIS**

21 **A.    Applicable Legal Standard.**

22 Federal Rules of Civil Procedure 15(a) permits a party to amend its pleading once as a
23 matter of right any time before a responsive pleading has been served.  Once a responsive pleading
24 has been served, however, the amendment requires written consent of the adverse party or leave of
25 the court, and leave "shall be freely given when justice requires."  Fed. R. Civ. P. 15(a).  "Rule
26 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'"
27 *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citation omitted).

28 The Court considers five factors to determine whether a motion for leave to file an

amended complaint should be granted: "'(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,]'" and (5) whether the moving party previously amended a pleading. *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9thc Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (listing the first four factors as factors to be considered). However, each factor is not given equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Absent prejudice, or a strong showing of any of the remaining … factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Captial*, 316 F.3d at 1052 (emphasis in original).

**B.      The Court Grants the Motion.**

    **1.      Bad Faith.**

Plaintiffs argue that Defendants have acted in bad faith and with a dilatory motive. According to Plaintiffs, although Defendants opposed Plaintiffs' request for leave to amend, Defendants never mentioned the fact that they were considering filing a similar motion. Plaintiffs also note that Defendants filed this motion approximately two weeks before the parties were scheduled to file their motions for summary judgment. Defendants respond that they needed to fully investigate the inequitable conduct claim. Plaintiffs also argue that the allegations Defendants are attempting to portray Plaintiffs in an unfavorable light in an effort to create a distraction from the merits of the case.

The Court finds that these arguments on the issue of bad faith address the issues of timing and the merits of the inequitable conduct defense and counterclaim, which the Court addresses in the following sections. There is no clear evidence that Defendants have acted in bad faith or with a dilatory motive. The Court finds that this factor weighs in favor of granting leave to amend.

    **2.      Undue Delay.**

Plaintiffs contend that Defendants unduly delayed in seeking leave to amend. When assessing whether a party unduly delayed in seeking leave to amend, courts focus on "'whether the moving party knew or should have known the facts and theories raised by the amendment in the

3

1  original pleading,'" rather than whether the motion to amend was timely filed.

2  *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting

3  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). "[L]ate amendments to assert

4  new theories are not reviewed favorably when the facts and the theory have been known to the

5  party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of*

6  *Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (citations omitted).

7  Plaintiffs contend that Defendants have been on notice of the facts underlying a claim for

8  inequitable conduct since December 18, 2015, when Mr. Boenke was deposed. In support,

9  Plaintiffs cite to the Cisco Defendants' Third Supplemental Objections and Responses to

10  Plaintiffs' Third Set of Interrogatories, in which they identified the facts underlying this motion as

11  facts that support their affirmative defense of unclean hands. (Declaration of Michael W. DeVries

12  Decl., Ex. 12.) Defendants argue that they needed to fully investigate this claim and that certain

13  depositions taken in January 2016 were relevant to the investigation.

14  The Court finds that there has been some delay in filing the motion, which weighs slightly

15  against granting leave to amend. Because delay alone is not sufficient to deny leave to amend, the

16  Court examines the remaining factors. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d

17  1074, 1079 (9th Cir. 1990).

18  **3.  Prejudice.**

19  Plaintiffs argue they would be prejudiced if the Defendants are granted leave to amend,

20  because the inequitable conduct claim and affirmative defense would require additional fact and

21  expert discovery on the issue of specific intent. Prejudice is the most significant factor for

22  considering whether leave to amend should be granted. *Eminence Capital*, 316 F.3d at 1052.

23  Prejudice must be substantial in order for the Court to justify denying leave to amend. *Morongo*,

24  893 F.2d at 1079.

25  Fact and expert discovery have closed, and the parties are scheduled to file dispositive

26  motions on April 29, 2016. (Docket No. 354.) "A need to reopen discovery and therefore delay

27  the proceedings supports a district court's finding of prejudice from a delayed motion to amend the

28  complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

4

In that case, which involved a dispute over domain name registration, the Ninth Circuit affirmed the district court's decision to deny the plaintiff's request for leave to amend to include new domain name registrants, because the motion was filed *after* defendants had filed a motion for summary judgment and the parties had not conducted discovery on the domain name registrants plaintiff sough to add to the case.

The Court also finds that the facts are distinguishable from *Medtronic, Inc. v. AGA Med. Corp.*, No. 07-cv-0567 MMC, 2009 WL 416538, at *2 (N.D. Cal. Feb. 18, 2009). In that case, the court found that a late amendment would cause prejudice, because it would require the preparation of "a defense to a counterclaim with a factual basis distinct from that of Medtronic's underlying claims and whose inclusion in the action would substantially expand the issues for trial." *Id.* Although the issue of Plaintiffs' specific intent to deceive is new, the Defendants raised a defense of unclean hands that is based on many, if not all, of the same facts that support the inequitable conduct claim. *Cf. Novell, Inc. v. Unicom Sales, Inc.*, No. 03-cv-02785-MMC, 2004 U.S. Dist. LEXIS 24538, at *5 (N.D. Cal. Aug. 17, 2004) (concluding that because plaintiff had asserted laches defense, defendant was on notice that timeliness of action would be at issue). In addition, Plaintiffs do not dispute that they have had a full and fair opportunity to examine Mr. Boenke about the allegations that underlie the proposed amendment.

The Court ordered supplemental briefing on the issue of prejudice, because of the impending deadlines to file motions for summary judgment.[2] In their supplemental brief, Plaintiffs ask for leave to supplement their initial disclosures to identify two witnesses, Roger Alford and Gregory Schivley. However, Plaintiffs have not identified any discovery that they would be required to obtain to counter such a defense. To the extent Plaintiffs may be prejudiced by further delay, the Court shall not continue the briefing schedule on the motion for summary judgment.

Defendants state that they "do not need discovery from either" witness "in order to prove their proposed inequitable conduct defense." (Docket No. 365, Defs. Supp. Brief at 2:7-8.)

---

[2] Because of the adjustments to the briefing schedule and the hearing on the motions for summary judgment, the Court has vacated the pretrial and trial dates.

5

1  However, Defendants do seek leave to depose those witnesses in the event Plaintiffs intend to call
2  them at trial.  The Court will grant that request, but *only* if Plaintiffs actually intend to rely on
3  these witnesses at trial or if they submit declarations from these witnesses to support or respond to
4  a motion for summary judgment.

5  The Court concludes that Plaintiffs have not shown "substantial prejudice," and this factor
6  weighs in favor of granting leave to amend.

### 4. Futility.

8  Finally, Plaintiffs argue that it would be futile to grant Defendants leave to amend.  In
9  order to prevail on a claim or defense of inequitable conduct, "the accused infringer must prove"
10 by clear and convincing evidence, "that the applicant misrepresented or omitted material
11 information with the specific intent to deceive the" United States Patent and Trademark Office
12 ("USPTO").  *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1287 (Fed. Cir.
13 2011); *see also Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-03587-WHO, 2014 WL
14 2730724, at *3 (N.D. Cal. June 16, 2014).  In *Therasense*, the Federal Circuit "tighten[ed]" the
15 standards applicable to "specific intent to deceive" and materiality.  649 F.3d at 1290.  As to
16 intent, the held that "a district court may not prove intent solely from materiality," and held that
17 findings of gross negligence or negligence will not satisfy the standard.  *Id.*  In addition, the court
18 noted that intent can be established by indirect and circumstantial evidence.  In order to meet the
19 "clear and convincing evidence standard, the specific intent to deceive must be 'the single most
20 reasonable inference able to be drawn from the evidence.'"  *Id.* (quoting *Star Scientific Inc. v. R.J.*
21 *Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2008)).  In sum, "the evidence 'must be
22 sufficient to *require* a finding of deceitful intent in the light of all the circumstances.'"  *Id.*
23 (quoting *Kingsdown Med. Consultants, Ltd. v. Hollister*, 863 F.2d 867, 873 (Fed. Cir. 1988)
24 (emphasis added in *Therasense*)).  Thus, a court cannot find intent to deceive if there are "multiple
25 reasonable inferences that may be drawn[.]"

26 The *Therasense* court also held that "the materiality required to establish inequitable
27 conduct is but-for-materiality," which requires a court to assess whether the USPTO would have
28 allowed the patent if it had known of the true facts.  *Id.* at 1291.  The court also left open the

possibility that certain "affirmative egregious misconduct," such as filing "an unmistakably false affidavit" will satisfy the materiality standard.  *Id.* at 1292.

This case comes to the Court upon a motion for leave to amend, and the Court must evaluate the claim by evaluating whether the allegations are sufficient to withstand a motion to dismiss under Rule 12(b)(6).  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *see also Fujifilm*, 2014 WL 2730724, at *2.  Although this case is in a different procedural posture than the *Fujifilm* case, because discovery is closed, the Court is not faced with a motion for summary judgment.  Accepting the facts alleged as true, as the Court must on *this* motion, the Court concludes that it would not be futile to grant Defendants leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion, and Defendants shall file and serve the amended counterclaims by April 25, 2016.  Plaintiffs shall file their answers to the counterclaims within the time proscribed by the Federal Rules of Civil Procedure, and the parties shall file their motions for summary judgment on April 29, 2016.

**IT IS SO ORDERED.**

Dated: April 21, 2016

_____
JEFFREY S. WHITE
United States District Judge