UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIMAR SYSTEMS INC, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CISCO SYSTEMS INC, et al.,<br><br>  Defendants. | Case No. 13-cv-01300-JSW<br><br>**ORDER RESOLVING ADMINISTRATIVE MOTIONS TO SEAL BRIEFS AND EXHIBITS RE DEFENDANTS' MOTION FOR LEAVE TO AMEND**<br><br>Re: Docket Nos. 339, 355 |

Now before the Court are Defendants' motions to seal, which pertain to the opening and reply briefs on their motion for leave to amend, and exhibits submitted in support of that motion. (Docket Nos. 339, 355.)[1]

**A.   Administrative Motion to Seal Opening Brief and Exhibits – Docket No. 339.**

Plaintiffs have submitted a declaration in response to this motion. (Docket No. 342, Declaration of Brandon M. Jordan.) According to Defendants' motion, Clyde Boenke designated certain materials as confidential. Because the Court had not received a declaration from Mr. Boenke that demonstrated why the material he designated as confidential should remain under seal, the Court gave him a further opportunity to comply with Northern District Civil Rule 79-5(e)(1). The Court also advised Mr. Boenke that if he failed to file such a declaration, the Court

---

[1] On April 22, 2016, and April 25, 2016, respectively, the Defendants filed motions to seal and their amended answers and counterclaims, in which the parties move to seal some of the same information that is addressed in the pending motions. (*See* Docket Nos. 368, 372.) Plaintiffs have filed a declaration responding to those motions. (Docket No. 374.)

The Cisco Defendants filed a proof of service showing that they served third party Clyde Boenke with a copy of their motion to seal. HP has not filed such proof of service. The Court will be ruling on those motions as soon as the time to respond has passed. However, all parties are advised that the Court's ruling will be consistent with its ruling on the motions addressed in this Order.

1  was likely to order the materials filed in the public record.  (Docket No. 360.)  Mr. Boenke has not
2  submitted a declaration pursuant to Rule 79-5.

**The Motion for Leave to Amend.**

Although Plaintiffs state that Defendant's motion for leave to amend does not contain any of their confidential information, the motion does cite portions of exhibits that they have deemed confidential and which the Court finds to be sealable.  However, the material that Mr. Boenke designated as confidential is not sealable.  Accordingly, the Court GRANTS, IN PART, the motion to seal the opening brief, and the following pages and lines shall remain under seal pending further order of the Court:

Page 4:15-17 (starting after "For example," and ending at end of sentence)

Page 4:18-23 (starting after "1" and excluding the record cites).

**The Exhibits in Support of the Motion for Leave to Amend.**

The Court finds the following portions of the exhibits attached to the motion and to the Declaration of Michael DeVries shall remain under seal pending further order of the Court:

**Motion Exhibit A**: Cisco Systems, Inc. and Linksys LLC's ("Cisco Defendants") Amended Answer and Affirmative Defenses and Third Amended Counterclaims: page 16, line 5 though page 17, line 5 (Paragraph 46 of Cisco Defendants' Amended Answer);

**Motion Exhibit B**: Redline Version of Cisco Defendants' Amended Answer and Affirmative Defenses and Third Amended Counterclaims:  page 16, line 11 through page 17, line 10 (Paragraph 46 of Cisco Defendants' Amended Answer);

**Motion Exhibit C**: HP's Answer, Affirmative Defenses, and Second Amended Counterclaims: page 14, line 24-15, lines 23 (Paragraph 46 of HP's Amended Answer);

**Motion Exhibit D**: Redline Version of HP's Answer, Affirmative Defenses, and Second Amended Counterclaims: page 14, line 24-15, lines 23 (Paragraph 46 of HP's Amended Answer);

**DeVries Declaration Exhibit 4**: Deposition of Josua Beebe, page 33, line 1 through 34, line 4;

**DeVries Declaration Exhibit 6:** Letter dated February 10, 1998.  A portion of this exhibit is cited in Defendants' motion at page 4, lines 6-10, and the same portion of that letter is also cited

in the Defendants' amended answers and counterclaims, and Plaintiffs did not argue that portion of the letter should be sealed. Rather, they argue this exhibit contains confidential pricing information.

The Court concludes that the last sentence of each paragraph captioned as a "Phase" may be sealed, and Defendants shall redact those sentences only.

**DeVries Declaration Exhibit 7:** Letter dated March 11, 1998. The exhibit may be sealed in its entirety; and

**DeVries Declaration Exhibit 8**: Letter dated November 15, 1998 and Invoice dated 12/08/98. The invoice may be sealed.

**B.     Administrative Motion to Seal Reply Brief and Exhibits – Docket No. 355.**

Plaintiffs submitted a declaration that states that none of the materials submitted by Defendants submitted in support of the reply brief contain information that they designated as confidential. (Docket No. 363, Declaration of Brandon M. Jordan, ¶¶ 2-7.) As noted, Mr. Boenke has failed to file a declaration to show why the information he designated as confidential should be sealable. With the exception of Exhibit 17 to the Reply Declaration of Michael De Vries, the Court concludes that the information is not sealable.

Accordingly, the Court GRANTS the motion to seal Exhibit 17, but it DENIES the remainder of Defendants' motion to seal portions of the reply brief.

**CONCLUSION**

Defendants shall file revised redacted versions of all documents addressed in this Order by May 6, 2016. **It is FURTHER ORDERED that Defendants shall serve a copy of this Order on Mr. Boenke and shall file proof of such service with the Court.**

**IT IS SO ORDERED.**

Dated: April 29, 2016

_____
JEFFREY S. WHITE
United States District Judge